**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-CV-3698

ERIC NORREGAARD, an individual,

Plaintiff,

v.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin mutual insurance company; and
DAVID THORPE, an individual,

Defendants.

---

**DEFENDANTS THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY AND DAVID THORPE'S NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), 1446, and D.C.Colo.L.CivR 81.1, Defendants The Northwestern Mutual Life Insurance Company ("NWML") and David Thorpe, ("Thorpe") (collectively, the "Defendants") hereby remove this action from the District Court for the City and County of Denver, Colorado to the United States District Court for the District of Colorado and state as follows:

1. State Court Action.

Plaintiff Eric Norregaard ("Plaintiff") filed a state court action against Defendants on May 22, 2026, in the District Court, City and County of Denver, Colorado, Case No. 2026CV499 ("State Court Action"). On July 22, 2026, Plaintiff purported to serve Thorpe in the State of Texas. On July 23, 2026, Plaintiff purported to serve NWML in the State of Colorado. Copies of these affidavits of service (Exhibit 1 and Exhibit 2), the current state court docket (Exhibit 3), the state

court summonses (Exhibit 4 and Exhibit 5), the state court civil case cover sheet (Exhibit 6), and the Complaint (Exhibit 7) are attached to this Notice.

2. Timeliness of Notice of Removal.

Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days of Defendants being served with a summons and the Complaint giving rise to Defendants' right of removal under 28 U.S.C. § 1441.

3. Diversity Jurisdiction.

This Court has original diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because there is now and there was at the time of the filing of the state court Complaint complete diversity of citizenship between the parties and because the allegations of the Complaint place at issue an amount in controversy in excess of $75,000 exclusive of interest and costs.

4. Diversity of Citizenship.

Plaintiff lists his home address in the Complaint in Massachusetts while also alleging in Paragraph 1 of the Complaint that he has a "current physical presence in Massachusetts." Additional information that Plaintiff has provided to NWML confirms that Plaintiff has resided in Massachusetts since at least December 2025 and that Plaintiff has no current residential address in Texas. Accordingly, Plaintiff is domiciled in Massachusetts.

Plaintiff alleges in Paragraph 2 of his Complaint that NWML is company with its principal place of business in Milwaukee, Wisconsin. NWML is now and was at the time of the filing of the State Court Action a Wisconsin corporation and insurance company duly authorized to do business as a foreign entity in the State of Colorado, with its principal places of business located at 720 East

Wisconsin Ave. Milwaukee, Wisconsin, 53202. NWML is now and was at the time of the filing of the State Court Action a citizen of the State of Wisconsin.

Plaintiff alleges in Paragraph 3 of the Complaint that Thorpe is a citizen of the State of Texas located in Fort Worth, Texas. Thorpe is now and was at the time of the filing of the State Court Action a citizen of the State of Texas.

Therefore, there exists complete diversity between the parties, and this Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332.

5. <u>Amount in Controversy.</u>

Plaintiff alleges in his Complaint that he seeks declaratory relief to confirm that he is entitled to retain $142,616.11 in past payments from NMWL under the subject long-term disability insurance policy as well as other monthly benefits pursuant to the same policy. (Ex. 7, ¶¶ 25, 141.) With respect to Plaintiff's other claims against the Defendants, he claims damages in an amount to be proven at trial, including economic, non-economic damages for emotional distress and other harm, and consequential damages.

Accordingly, it is undisputed that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The Defendants deny Plaintiff's claims for damages and reserve all rights.

6. <u>Contemporaneous Service</u>.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and its exhibits are being served contemporaneously on Plaintiff with the filing of this Notice of Removal, and a copy of this Notice of Removal will promptly be filed with the clerk in the state court action.

7. No Waiver.

By filing this Notice of Removal, Defendants do not waive any objections to venue or any other defense.

8. Relief Requested.

Defendants request that the United States District Court for the District of Colorado assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: August 13, 2026.

Respectfully submitted,

IRELAND STAPLETON PRYOR & PASCOE, PC

*/s/ James R. Silvestro*

Timothy G. Atkinson
James R. Silvestro
Aidan T. O'Neil
1660 Lincoln Street, Suite 3000
Denver, CO 80264
Telephone: (303) 623-2700
E-mail: tatkinson@irelandstapleton.com
jsilvestro@irelandstapleton.com
aoneil@irelandstapleton.com

*Attorneys for Defendants The Northwestern Mutual Life Insurance Company and David Thorpe*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I electronically filed the forgoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and served upon the following by U.S. Mail and/or email:

Eric Norregaard
9 Moosewood Street
Billerica, Massachusetts 01821
Eric.norregaard@yahoo.com
*Plaintiff, pro se*

*s/ James R. Silvestro*
James R. Silvestro